# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

```
SPEC'S FAMILY PARTNERS, LIMITED, )
                                 )
     Plaintiff,                  )
                                 )
                                 )
v.                               )   2:14-cv-02995-JPM-cgc
                                 )
FIRST DATA MERCHANT SERVICES     )
CORP.,                           )
                                 )
     Defendant.                  )
```

## ORDER DENYING MOTION FOR RECONSIDERATION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE

Before the Court is Plaintiff's Motion for Reconsideration of Part III(E) of the Court's Order, filed October 6, 2015. (ECF No. 65.) Defendant responded in opposition on October 23, 2015. (ECF No. 66.) Plaintiff filed a reply brief on October 29, 2015. (ECF No. 67.)

Also before the Court is Defendant's Motion to Strike and Request that the Court Not Consider Plaintiff's Unauthorized Reply in Support of Plaintiff's Motion for Reconsideration ("Motion to Strike"), filed October 30, 2015. (ECF No. 68.) Plaintiff responded in opposition on November 2, 2015. (ECF No. 69.)

For the following reasons, Plaintiff's Motion for Reconsideration is DENIED. Defendant's Motion to Strike is GRANTED.

**I. BACKGROUND**

This case involves a contract dispute relating to two data security breaches at Plaintiff Spec's Family Partners, Ltd. ("Plaintiff") that allegedly compromised customer payment card information between October 31, 2012, and September 14, 2013 ("Breach Window One") and between October 14, 2013, and February 19, 2014 ("Breach Window Two"). (Compl. ¶¶ 17, 19, ECF No. 1; Answer ¶¶ 17, 19, ECF No. 36.)

On January 29, 2015, Defendant filed a Motion to Dismiss, arguing that Plaintiff's claims were based on an incorrect interpretation of the contract. (ECF No. 17.) Plaintiff responded in opposition on February 26, 2015. (ECF No. 19.) Defendant filed a reply brief on March 12, 2015. (ECF No. 24.) The Court held a hearing on the Motion to Dismiss on April 9, 2015. (ECF No. 35.)

On May 26, 2015, Plaintiff filed a Motion for Judgment on the Pleadings based on its interpretation of the contract. (ECF No. 39.) Defendant responded in opposition on June 26, 2015. (ECF No. 50.) Plaintiff filed a reply brief on June 29, 2015. (ECF No. 51.) The Court held a hearing on the Motion for Judgment on the Pleadings on July 1, 2015. (ECF No. 55.)

Plaintiff filed a Notice of Supplemental Authority in support of its motion on August 5, 2015.  (ECF No. 62.)  Defendant filed a response to the filing of supplemental authority on August 6, 2015.  (ECF No. 63.)

On September 29, 2015, the Court issued an Order denying both motions ("the Court's Order").  (ECF No. 64.)  The Court held that,

> based on the plain language of the contract, the Assessments do not constitute "third-party fees and charges," but are consequential damages excluded from indemnification.  Plaintiff, therefore, was not contractually obligated to indemnify Defendant for the Assessments under Section 15(b) nor was Plaintiff required to reimburse Defendant for the Assessments under Section 5.  The Court has insufficient information to determine, however, whether Plaintiff was required to compensate Defendant for breaches of Schedules B(V) and B(VI).

(Id. at 24-25.)

On October 6, 2015, Plaintiff filed a Motion for Reconsideration of Court's Order.  (ECF No. 65.)  Defendant responded in opposition on October 23, 2015.  (ECF No. 66.)  Plaintiff filed a reply brief on October 29, 2015.  (ECF No. 67.)

On October 30, 2015, Defendant filed a Motion to Strike and Request that the Court Not Consider Plaintiff's Unauthorized Reply in Support of Plaintiff's Motion for Reconsideration.  (ECF No. 68.)  Plaintiff responded in opposition on November 2, 2015.  (ECF No. 69.)

**II. STANDARD**

A district court has the inherent power to reconsider, rescind, or modify an interlocutory order before entry of a final judgment. Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 118 F. App'x 942, 945-46 (6th Cir. 2004) (citing Mallory v. Eyrich, 922 F.2d 1273, 1282 (6th Cir. 1991)). Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "any [interlocutory] order or decision . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); see also Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Rodriguez, 89 F. App'x at 959. Parties may not use a motion for revision to "repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." LR 7.3(c).

In this district, motions for revision of interlocutory orders are governed by Local Rule 7.3, which provides that "any party may move, pursuant to Fed. R. Civ. P. 54(b), for the revision of any interlocutory order made by that Court on any ground set forth in subsection (b) of this rule. <u>Motions to reconsider interlocutory orders are not otherwise permitted</u>." LR 7.3(a) (emphasis added). Reconsideration of an interlocutory order is only appropriate when the movant specifically shows:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR 7.3(b).

The Local Rules further provide that, "[e]xcept as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply." LR 7.2(c).

### III. ANALYSIS

As an initial matter, Plaintiff was not entitled to file a reply brief in support of its Motion for Reconsideration without leave of Court. The Local Rules permit a party to file reply

5

memoranda without leave of Court only as provided by Local Rules 12.1(c) and 56.1(c). See LR 7.2(c). A motion for reconsideration of a court's denial of a Rule 12 motion is not equivalent to a Rule 12 motion. Accord Liberty Legal Found. v. Democratic Nat'l Comm., No. 12-2143-STA, 2012 WL 6026496, at *3 (W.D. Tenn. Dec. 4, 2012) ("[A] motion for revision to an interlocutory order should not be based on legal arguments or evidence that the movant simply failed to raise in the earlier motion."). Because Plaintiff's reply was unauthorized and Plaintiff has not requested leave of Court to file said reply, the Court GRANTS Defendant's Motion and declines to consider Plaintiff's reply brief.[1]

Plaintiff fails to identify the procedural basis for its Motion for Reconsideration. Because Plaintiff's motion relates to an interlocutory order, the Court construes Plaintiff's Motion as a motion for revision of an interlocutory order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure

---

[1] Defendant requests that the Court "strike and not consider" Plaintiff's reply. (ECF No. 68 at 1.) Under Rule 12(f) of the Federal Rules of Civil Procedure, "a court may strike only material that is contained in the pleadings." Fox v. Mich. State Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006). A reply to a motion is not a pleading, and therefore, cannot be stricken. See id. ("Fed. R. Civ. P. 7(a) defines pleadings as 'a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.'" (quoting Fed. R. Civ. P. 7(a))).

6

and Local Rule 7.3.[2]  Plaintiff also fails to state with particularity the Local Rule 7.3(b) ground or grounds it seeks to assert for revision of the interlocutory order.  (See id. at 1-5.)  Because Plaintiff has not specifically shown any of the grounds enumerated in Local Rule 7.3(b), Plaintiff is not entitled to reconsideration of the Court's interlocutory order.  The Court, nevertheless, considers the arguments set forth in Plaintiff's Motion.

Plaintiff argues that the Court should reconsider its analysis regarding Plaintiff's liability under Sections V and VI of Schedule B to the Agreement for two reasons.  First, Plaintiff argues that the Limitation Clause precludes recovery for breaches of representations or warranties, including those made under Schedule B.  (ECF No. 65 at 3-4.)  Plaintiff further asserts that "Spec's potential liability for violations of the representations and warranties in Schedule B is limited to direct damages by the Limitation Clause."  (Id. at 4.)  Second, Plaintiff argues that permitting Defendant to recover the

---

[2]  Plaintiff's unauthorized reply clarifies that Plaintiff asks the Court to reconsider its Order under its "inherent authority," not Federal Rule of Civil Procedure 54(b) or Local Rule 7.3.  (ECF No. 67 at 1.)  Local Rule 7.3 explicitly states, however, that motions to revise interlocutory orders must be made pursuant to this rule and that "[m]otions to reconsider interlocutory orders are not otherwise permitted."  LR 7.3.  Accordingly, a party moving the Court to reconsider an interlocutory order may do so only on the basis of one of the grounds enumerated in LR 7.3(b).

Assessments under Schedule B would nullify the Limitation Clause. (Id. at 4-5.)

Plaintiff appears to misunderstand the Court's Order. In the Order, the Court found that "the Assessments were consequential damages and excluded under the Limitation Clause." (ECF No. 64 at 14.) As Plaintiff correctly points out, however, Plaintiff's potential liability may include direct damages. If Plaintiff breached Schedule B, then it would be liable for direct damages for its breach of contract. The Limitation Clause forecloses only "SPECIAL, INDIRECT, INCIDENTAL, OR CONSEQUENTIAL LOSSES OR DAMAGES"; it does not limit either party's liability for a direct breach of contract. (See Merchant Agreement § 15(d), ECF No. 1-3.) The amount of said damages would not necessarily be the full amount of, or even related to, the amount that Defendant withheld to cover the Assessments. Accordingly, the Court's Order does not inevitably permit Defendant "to recover the Assessments under Schedule B" and does not nullify the Limitation Clause.

In its Complaint, Plaintiff alleges that Defendant unlawfully withheld funds because the Assessments were consequential losses. (Compl. ¶¶ 33-40, ECF No. 1.) Additionally, in its Motion for Judgment on the Pleadings, Plaintiff asserts that the Assessments are not recoverable under section 5 of the agreement because they are not "third party

8

fees and charges." (ECF No. 39 at 11-15.)  In its Answer, however, Defendant raises the possibility that it permissibly withheld funds under Sections V or VI of Schedule B.  (ECF No. 36 at 10.)  Plaintiff did not address the possibility that Defendant lawfully withheld funds to compensate for a direct breach of Sections V or VI.

Accordingly, the Court finds that Plaintiff has not demonstrated that it is entitled to reconsideration of the Court's denial of its Motion for Judgment on the Pleadings.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Reconsideration is DENIED.  Defendant's Motion to Strike is GRANTED.

**IT IS SO ORDERED** this 9th day of November, 2015.

/s/Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE