**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SPEC'S FAMILY PARTNERS, LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:14-cv-2995-JPM-cgc |
| v. | ) | |
| | ) | |
| FIRST DATA MERCHANT SERVICES LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ENTRY OF
JUDGMENT, DENYING AS MOOT MOTION FOR RECONSIDERATION, AND
DENYING MOTION FOR ATTORNEY FEES AND EXPENSES**

Before the Court are (1) the Motion for Entry of Judgment filed by Plaintiff Spec's Family Partners, Limited ("Plaintiff") on August 4, 2017; (2) the Motion for Attorney Fees and Expenses filed by Plaintiff on August 4, 2017; and (3) the Motion for Reconsideration of Part III(E) of the Court's Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment ("Motion for Reconsideration") filed by Defendant First Data Merchant Services LLC ("Defendant") on September 12, 2017. (ECF Nos. 150, 151, 167.)

For the reasons discussed below, Plaintiff's Motion for Entry of Judgment is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion for Entry of Judgment is GRANTED as to the funds Defendant is withholding from Plaintiff, GRANTED IN PART and DENIED IN PART as to prejudgment interest on the withheld funds, DENIED

as to attorneys' fees and related expenses, and GRANTED as to post-judgment interest. Defendant's Motion for Reconsideration is DENIED AS MOOT, and Plaintiff's Motion for Attorney Fees and Expenses is DENIED.

By no later than **January 23, 2018**, the parties shall submit a Joint Calculation of Judgment to be effective January 31, 2018, including breakdowns for withheld funds and interest owed on withheld funds, computed in accordance with this Order.  If the parties cannot agree on a calculation, Plaintiff shall submit, by no later than **January 23, 2018,** a Proposed Calculation of Judgment to be effective January 31, 2018, and Defendant shall submit, by no later than **January 29, 2018,** a Proposed Calculation of Judgment to be effective January 31, 2018.

## I.      BACKGROUND

Plaintiff is an operator of specialty retail stores and Defendant is a provider of payment card processing services.  (ECF No. 1, ¶¶ 1-2.)  In 2001, the parties entered into a Merchant Agreement under which Defendant was to provide credit and debit card processing services to Plaintiff.  (ECF No. 1-3.)  Between 2012 and 2014, Plaintiff suffered two data breaches that compromised customer payment card information.  (See ECF Nos. 1, 36.)  As a result, Visa and MasterCard imposed monetary assessments against Citicorp Payment Services, Inc., which Defendant was required to repay and for which Defendant reimbursed itself by withholding card payment funds from Plaintiff.  (See ECF Nos. 1, 36, 121.)

On December 17, 2014, Plaintiff filed this action seeking (1) damages from Defendant for breach of contract, (2) a declaratory judgment that Defendant has no right to indemnity from Plaintiff for certain assessments, and (3) attorneys' fees.  (ECF No. 1.)  On July 7, 2017,

this Court granted summary judgment in favor of Plaintiff as to Plaintiff's breach of contract and declaratory judgment claims. (ECF No. 147.) Accordingly, the Court invited Plaintiff to submit any application for attorneys' fees—which Plaintiff requested in its Complaint—by no later than August 7, 2017. (See id. at 3758.[1])

On August 4, 2017, Plaintiff filed the instant Motion for Entry of Judgment requesting that the Court enter final judgment in Plaintiff's favor, including (1) an award of damages in the amount Defendant is withholding from Plaintiff, (2) a "penalty" calculated by applying an 18% penalty rate to the amount Defendant is withholding from Plaintiff, (3) an award of attorneys' fees and expenses as set forth in Plaintiff's Motion for Attorney Fees and Expenses, and (4) an award of post-judgment interest calculated at a rate of 6.25%.[2] (ECF No. 150.) The same day, Plaintiff filed the instant Motion for Attorney Fees and Expenses. (ECF No. 151.)

On August 29, 2017, Defendant filed a Response to Plaintiff's Motion for Attorney Fees and Expenses. (ECF No. 157.) On September 1, 2017, Defendant filed a Response to Plaintiff's Motion for Entry of Judgment. (ECF No. 158.)

On September 11, 2017, Plaintiff filed a Reply in support of its Motion for Attorney Fees and Expenses, in which it argued, *inter alia*, that Defendant's arguments in opposition constituted an improper request for reconsideration of the Court's prior rulings. (ECF No. 165.) On September 12, 2017, Defendant filed the instant Motion for Reconsideration "only because Spec's has claimed FDMS did not raise the issue of reconsideration properly as a

---

[1] All citations to page numbers in docket entries are to the CM/ECF PageID number.

[2] In the alternative, Plaintiff requested that the Court alter or amend its July 7, 2017 Order to provide for the award of damages, a penalty, attorneys' fees and expenses, and post-judgment interest. (ECF No. 150 at 3768-69.)

matter of procedure" and "out of an abundance of caution to ensure the Court has the opportunity and jurisdiction to review the issue properly."  (ECF No. 167 at 5474.)

On September 15, 2017, with leave of the Court, Defendant filed a Sur-Reply in opposition to Plaintiff's Motion for Attorney Fees and Expenses.  (ECF No. 170.)  On September 26, 2017, Plaintiff filed a Response to Defendant's Motion for Reconsideration. (ECF No. 171.)

## II.   LEGAL STANDARD

### A.   Damages

"Every other final judgment [besides a default judgment] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).  "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."  28 U.S.C § 2202.

### B.   Attorneys' Fees

"A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).  Such a motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award," "state the amount sought or provide a fair estimate of it," and "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made."  Fed. R. Civ. P. 54(d)(2)(B).

"In diversity cases, attorneys' fees are governed by state law." Hometown Folks, LLC v. S & B Wilson, Inc., 643 F.3d 520, 533 (6th Cir. 2011). "Tennessee, like most jurisdictions, adheres to the 'American rule' for award of attorney fees." Cracker Barrel Old Country Store, Inc. v. Epperson, 284 S.W.3d 303, 308 (Tenn. 2009). "[T]he American rule reflects the idea that public policy is best served by litigants bearing their own legal fees regardless of the outcome of the case." Id. at 309. Accordingly, under the American rule, "litigants must pay their own attorney's fees unless there is a statute or contractual provision providing otherwise." Taylor v. Fezell, 158 S.W.3d 352, 359 (Tenn. 2005) (citing State v. Brown & Williamson Tobacco Corp., 18 S.W.3d 186, 194 (Tenn. 2000)).

"In the context of contract interpretation, Tennessee allows an exception to the American rule only when a contract *specifically* or *expressly* provides for the recovery of attorney fees." Cracker Barrel, 284 S.W.3d at 309 (emphasis in original). "If a contract does not specifically or expressly provide for attorney fees, the recovery of fees is not authorized." Id. "Accordingly, if the parties intend to create contractually a right to recover attorney fees, the contractual language must specifically and expressly articulate this intent and not merely provide for recovery of 'costs and expenses.'" Id. at 311. "The only way parties to a contract have been able to specifically and expressly create a right to recover attorney fees has been by incorporating the phrase 'including reasonable attorney fees' or some other similar, yet equally specific, contractual language." Id. at 310 (collecting cases).

Additionally, "costs and attorneys' fees are recoverable under an express indemnity contract if the language of the agreement is broad enough to cover such expenditures." Pullman Standard, Inc. v. Abex Corp., 693 S.W.2d 336, 338 (Tenn. 1985); see also Power & Tel. Supply Co. v. Suntrust Banks, Inc., No. 03-cv-2217-JPM-dkv, 2005 WL 1329851, at *2

(W.D. Tenn. May 11, 2005), aff'd, 447 F.3d 923 (6th Cir. 2006).  For example, the Sixth Circuit has determined that a defendant's contractual agreement to indemnify a plaintiff and the plaintiff's customers for a "loss . . . of any nature or kind" extended to the attorneys' fees the plaintiff incurred in defending an action on behalf of its customer as well as the attorneys' fees the plaintiff incurred prosecuting the indemnity action.  See Murray Ohio Mfg. Co. v. Shimano Am. Corp., 946 F.2d 895 (6th Cir. 1991).

"[T]he usual and customary meaning that courts have consistently attributed to indemnification clauses," however, is that they "do[] not apply to disputes between the contracting parties," but rather, that they apply only "in the context of third party claims."  See Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tennessee, Inc., No. M2015-02524-COA-R3-CV, 2017 WL 2105988, at *27 (Tenn. Ct. App. May 15, 2017), appeal granted (Oct. 4, 2017); see also Holcomb v. Cagle, 277 S.W.3d 393, 397 (Tenn. Ct. App. 2008) ("an indemnity provision such as this one would only authorize the recovery of fees and expenses incurred in connection with a dispute with some third party, rather than a dispute between the landlord and tenant"); Colonial Pipeline Co. v. Nashville & E. R.R. Corp., 253 S.W.3d 616, 624 (Tenn. Ct. App. 2007) ("We find no error in the trial court's conclusion that this provision applies only to suits brought by third parties.").  Courts are especially likely to apply an indemnity provision only to third-party claims when "the indemnity provision refers to a duty of each party to assume and conduct the defense of the other," leading to "an absurd result if the parties are suing each other."  See Individual Healthcare Specialists, 2017 WL 2105988, at *21.

C.       Contract Interpretation

"In 'resolving disputes concerning contract interpretation, [the Court's] task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language.'" Planters Gin Co. v. Fed. Compress & Warehouse Co., 78 S.W.3d 885, 889-90 (Tenn. 2002) (quoting Guiliano v. Cleo, Inc., 995 S.W.2d 88, 95 (Tenn. 1999)). "This determination of the intention of the parties is generally treated as a question of law because the words of the contract are definite and undisputed . . . ." Id. at 890. "A court's initial task in construing a contract is to determine whether the language of the contract is ambiguous." Id. "Ambiguity, however, does not arise in a contract merely because the parties may differ as to interpretations of certain of its provisions. A contract is ambiguous only when it is of uncertain meaning and may fairly be understood in more ways than one." Crye-Leike, Inc. v. Carver, 415 S.W.3d 808, 816 (Tenn. Ct. App. 2011). "The court will not use a strained construction of the language to find an ambiguity where none exists." Id.

If the language of the contract is unambiguous, the court "should not go beyond its four corners to ascertain the parties' intention" because the "literal meaning controls the outcome of the dispute." Adkins v. Bluegrass Estates, Inc., 360 S.W.3d 404, 412 (Tenn. Ct. App. 2011) (internal quotation marks omitted); see also Swanson v. Mid-South Title Ins. Corp., 692 S.W.2d 415, 419 (Tenn. Ct. App. 1984) ("In the absence of fraud or mistake a contract must be interpreted and enforced as written even though it contains terms which may be thought harsh and unjust.").

"Under settled principles of construction, [the] contract must be read as a whole so as to give meaning and effect to all of its provisions." Diversified Energy Inc. v. Tenn. Valley

Auth., 223 F.3d 328, 339 (6th Cir. 2000) (quoting Malone & Hyde, Inc. v. United States, 568

F.2d 474, 476 (6th Cir. 1978)). "All provisions in the contract should be construed in

harmony with each other, if possible, to promote consistency and to avoid repugnancy

between the various provisions of a single contract." Guiliano, 995 S.W.2d at 95. "General

canons of contract construction require that where two seemingly conflicting contract

provisions reasonably can be reconciled, a court is required to do so and to give both effect."

Seabury Constr. Corp. v. Jeffrey Chain Corp., 289 F.3d 63, 69 (2d Cir. 2002) (internal

quotation marks omitted).

## III.   ANALYSIS

### A.   Withheld Funds

Defendant argues that Plaintiff's request for declaratory judgment extends only to the

first MasterCard Assessment because Plaintiff "never amended its Complaint to seek recovery

of monetary damages for the second MasterCard Assessment or the Visa Assessment." (ECF

No. 158 at 4445.) Defendant acknowledges that "the Court's declaration may give Spec's

grounds to move for supplemental relief pursuant to 28 U.S.C. § 2202," but argues that

Plaintiff is not entitled to such relief because it "has not done so to date." (Id.)

Plaintiff's Complaint seeks (1) an award of "all damages incurred as a result of

Defendant's breach of the Merchant Agreement" and (2) "a judicial declaration that

Defendant has no right to indemnity from Spec's for any Future Assessments because such

Assessments are consequential losses." (ECF No. 1 at 10.) Defendant does not dispute that it

withheld additional funds from Plaintiff after the initiation of this lawsuit. (See ECF No.

158.) Instead, Defendant apparently believes that Plaintiff—having already sought to recover

all amounts withheld and a declaration that future withholdings were improper—was required to amend its Complaint to keep up with Defendant's unilateral withholdings.  The better view is that Defendant, by withholding additional funds from Plaintiff after Plaintiff's filing of the Complaint, placed those funds within the Complaint's request for "all damages incurred as a result of Defendant's breach of the Merchant Agreement."  (See ECF No. 1 at 10.)

Moreover, the amount at issue at the summary judgment stage was the entire amount withheld, and the Court determined that "Defendant is not entitled to withhold funds to indemnify itself for the MasterCard Assessments, Visa Assessments, or any future assessments in connection with Breach Window One and Breach Window Two because such assessments are consequential damages excluded by the Merchant Agreement."  (ECF No. 147 at 3757.)  Accordingly, even if Plaintiff's Complaint is read not to seek money damages for the second MasterCard Assessment or the Visa Assessment, Defendant has received "reasonable notice and hearing" with respect to "[f]urther necessary or proper relief based on a declaratory judgment" beyond the monetary relief specifically sought in Plaintiff's Complaint.  See 28 U.S.C § 2202.  In its final judgment, the Court will "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." See Fed. R. Civ. P. 54(c).

Accordingly, Plaintiff's Motion for Entry of Judgment is GRANTED as to the principal amount of all funds Defendant is currently withholding[3] from Plaintiff "to indemnify itself for the MasterCard Assessments, Visa Assessments, or any future assessments in connection with Breach Window One and Breach Window Two because such assessments are consequential damages excluded by the Merchant Agreement."  (See ECF No. 147 at 3757.)

---

[3] Further withholdings of funds by Defendant are precluded by this Order.

**B.      Interest on Withheld Funds**

Section 5 of the parties' Merchant Agreement ("Section 5") provides that "delinquent" payments to Plaintiff by Defendant "shall bear Interest at the rate of eighteen percent (18%) per annum or the highest rate allowed by law, whichever is lower."  (ECF No. 1-3 at 17.) Pointing to this provision, Plaintiff argues that it is entitled to a "penalty" calculated by applying the 18% "penalty rate" to the amount Defendant withheld from Plaintiff.  (See ECF 150 at 3767.)

Defendant argues that Plaintiff waived the right to recover interest for withheld funds because "Spec's expressly agreed FDMS could retain the funds at issue."  (ECF No. 158 at 4446.)  Plaintiff did so, however, without "conceding [its] legal positions or rights under the [Merchant Agreement]" and "without waiving or amending any provision of the [Merchant Agreement.]"  (See ECF No. 120-33 at 2305.)  Therefore, Plaintiff did not waive the right to recover interest under Section 5.

Defendant also argues that Section 5 provides for prejudgment interest (not a "penalty") and that Plaintiff has waived the right to recover prejudgment interest because Plaintiff's request is only for a penalty and not for prejudgment interest.  (See ECF No. 158 at 4447-48.)  It is clear from Plaintiff's Motion for Entry of Judgment and Reply to Defendant's Response, however, that Plaintiff seeks whatever "interest" it is due under Section 5 of the parties' Merchant Agreement, regardless of how that interest is best characterized.  (See ECF Nos. 150, 164.)  The Court must therefore interpret Section 5 "to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language.'" See Planters Gin Co., 78 S.W.3d at 889-90.

Section 5 requires Defendant to pay "interest" to Plaintiff on "delinquent" payments at a rate of 18% "or the highest rate allowed by law, whichever is lower." (See ECF No. 1-3 at 17.) Tennessee's commercial code defines "interest" as "compensation for the use or detention of, or forbearance to collect, money over a period of time . . . ." Tenn. Code Ann. § 47-14-102(8). Defendant's withholding of funds from Plaintiff is a "detention of . . . money over a period of time" bringing Section 5's reference to "interest" within Tennessee's definition of commercial interest. See Tenn. Code Ann. § 47-14-102(8). Therefore, under Section 5, Plaintiff is entitled to interest on its withheld funds in an amount calculated by applying Tennessee's "maximum effective rates of interest" to the amount withheld. See Tenn. Code Ann. § 47-14-103. "For all written contracts," the maximum effective rate of interest is "the applicable formula rate." See Tenn. Code Ann. § 47-14-103(2).

Defendant argues that the applicable formula rate is 7.25%, the rate that was effective when Plaintiff's data breaches occurred. (See ECF No. 158 at 4453.) Plaintiff argues that the applicable formula rate is 11.5%, the rate that was effective when Plaintiff signed the Merchant Agreement in 2001. (See ECF No. 164 at 4974-75.[4]) The more logical applicable formula rate, however, is the rate that was effective when the underlying funds were withheld and thus became "delinquent" under Section 5. (See ECF No. 1-3 at 17.)

Accordingly, Plaintiff's Motion for Entry of Judgment is GRANTED IN PART and DENIED IN PART as to the amount of interest to which Plaintiff is entitled under Section 5 of the Merchant Agreement. Plaintiff is entitled to interest on all funds Defendant is currently

---

[4] The case Plaintiff cites in support of this calculation deals with a promissory note that provided for immediate interest accrual. See Davis v. Lincoln Nat'l Life Ins. Co., 1988 WL 22824, at *1 (Tenn. Ct. App. Mar. 10, 1988).

withholding from Plaintiff in an amount calculated using the applicable formula rates that were effective when each payment was withheld.

### C.      Attorneys' Fees

Defendant moves the Court to reconsider its "ruling granting Spec's attorneys' fees," arguing that the issue of attorneys' fees was not properly presented to the Court and the Merchant Agreement does not entitle Plaintiff to recover attorneys' fees.  (See ECF No. 167.) Defendant's Motion for Reconsideration is well-taken, but the Court's July 7, 2017 Order did not grant Plaintiff an award of attorneys' fees.  Instead, noting that Plaintiff's Complaint contains a request for attorneys' fees and that Defendant had been found to be in material breach of the Merchant Agreement, the Court invited Plaintiff to file a motion for attorneys' fees pursuant to the Complaint.  (See ECF No. 147 at 3758.)  The July 7, 2017 Order stated that "[t]he Court having found that Defendant materially breached the Merchant Agreement by retaining funds from the settlement account, Plaintiff is entitled to attorneys' fees associated with Defendant's breach of the Agreement."  This was not, however, a definitive ruling on the issue of attorneys' fees, which the parties had not briefed and the Court had not analyzed.  (See ECF Nos. 107, 120, 147.)  Instead, the statement was included to provide context for the Court's invitation of a motion for attorneys' fees pursuant to Plaintiff's Complaint.  Accordingly, Defendant's Motion for Reconsideration is DENIED AS MOOT. The Court will therefore consider Plaintiff's instant Motion for Attorney Fees and Expenses, including Defendant's arguments in opposition.

Section 14 of the parties' Merchant Agreement provides that the Merchant Agreement "shall be construed and enforced in accordance with the internal laws of the State of

Tennessee without reference to choice of law rules."  (ECF No. 1-3 at 19.)  Therefore, to resolve the parties' dispute over attorneys' fees, the Court must apply the "American rule," under which "litigants must pay their own attorney's fees unless there is a statute or contractual provision providing otherwise." See Taylor, 158 S.W.3d at 359.

Section 15(b) of the parties' Merchant Agreement ("Section 15(b)") provides that "[Defendant] shall indemnify [Plaintiff], Visa, and MasterCard and hold them harmless from and against any and all claims, demands, losses, costs, liabilities, damages, judgments, or expenses arising out of or relating to . . . any material breach by [Defendant] of its representations, warranties, or agreements under [the Merchant Agreement.]"  (ECF No. 1-3 at 20.)  Section 15(b) does not, however, "*specifically* or *expressly* provide[] for the recovery of attorney's fees." See Cracker Barrel, 284 S.W.3d at 309 (emphasis in original).  Typically, under Tennessee law, "[i]f a contract does not specifically or expressly provide for attorney fees, the recovery of fees is not authorized." Id.

Plaintiff is correct that "attorneys' fees are recoverable under an express indemnity contract if the language of the agreement is broad enough to cover such expenditures." See Pullman Standard, 693 S.W.2d at 338.  Section 15(b), however, is not so broad that it indemnifies Plaintiff for a "loss . . . of any nature or kind." See Murray, 946 F.2d 895.[5] Instead, Section 15(b) delineates specific categories of losses against which Defendant must indemnify Plaintiff, and that list does not "specifically or expressly" "incorporat[e] the phrase

---

[5] The indemnity dispute in Murray was also related to a third-party claim.  The Murray court interpreted the parties' broad indemnification agreement to reach the attorneys' fees incurred in defending against the third-party claim as well as the attorneys' fees incurred to recover the expenses incurred in the third-party claim. See Murray, 946 F.2d 895.

'including reasonable attorney fees' or some other similar, yet equally specific, contractual language."  See Cracker Barrel, 284 S.W.3d at 310.

Moreover, "the usual and customary meaning that courts have consistently attributed to indemnification clauses" is that they "do[] not apply to disputes between the contracting parties," but rather, that they apply only "in the context of third party claims."  See Individual Healthcare Specialists, 2017 WL 2105988, at *27; see also Holcomb, 277 S.W.3d at 397; Colonial Pipeline, 253 S.W.3d at 624.  That is especially true when "the indemnity provision refers to a duty of each party to assume and conduct the defense of the other," leading to "an absurd result if the parties are suing each other."  See Individual Healthcare Specialists, 2017 WL 2105988, at *21.

Just as Section 15(b) provides that Defendant must indemnify Plaintiff against certain losses, Section 15(b) likewise provides—using identical language—that "[Plaintiff] shall indemnify [Defendant], Visa, and MasterCard and hold them harmless from and against any and all claims, demands, losses, costs, liabilities, damages, judgments, or expenses arising out of or relating to . . . any material breach by [Plaintiff] of its representations, warranties, or agreements under [the Merchant Agreement.]"  (ECF No. 1-3 at 20.)  Consequently, Section 15(b) requires Plaintiff and Defendant to indemnify each other against material breaches of the Merchant Agreement.  (See id.)  Interpreting Section 15(b) to reach attorneys' fees could therefore "lead[] to an absurd result if the parties are suing each other."  See Individual Healthcare Specialists, 2017 WL 2105988, at *21.

Moreover, Section 14 of the Merchant Agreement specifically and expressly provides for Defendant's—but not Plaintiff's—recovery of "reasonable attorneys' fees" under certain

circumstances.  (See ECF No. 1-3 at 19.)  Reading the Merchant Agreement "as a whole so as to give meaning and effect to all of its provisions," Section 14's specific and express reference to "reasonable attorneys' fees" indicates that Section 15(b)'s omission of the same phrase was intentional.  See Diversified Energy, 223 F.3d at 339.

Finally, Section 15(d) of the Merchant Agreement (the "Limitation Clause") expressly provides that neither party's liability under the Merchant Agreement extends to the other party's "consequential loses or damages."  (See ECF No. 1-3 at 20.)  As Plaintiff previously argued in this action, "attorneys' fees are classic consequential damages, and are thus barred by the Limitation Clause."  (See ECF No. 107 at 1289.)

Accordingly, Plaintiff's Motion for Attorney Fees and Expenses is DENIED, and Plaintiff's Motion for Entry of Judgment is DENIED as to attorneys' fees.  Plaintiff shall bear its own attorneys' fees and related expenses in prosecuting this action.[6]

### D.      Post-Judgment Interest

Plaintiff argues that "the judgment should include an award of post-judgment interest at a rate of 6.25% as required by" Tennessee Code Annotated §§ 47-14-121 and 47-14-122. (See ECF No. 150.)  Defendant makes no arguments in opposition.  Accordingly, Plaintiff's Motion for Entry of Judgment is GRANTED as to post-judgment interest.  Upon the Court's entry of final judgment in this matter, Defendant shall, from that day forward, owe interest to Plaintiff on the entire amount of Plaintiff's award—including the outstanding prejudgment interest owed under Section 5 of the Merchant Agreement—calculated at a rate of 6.25%.

---

[6] Having denied Plaintiff's request to recover attorneys' fees and related expenses, the Court need not address the reasonableness of Plaintiff's attorneys' fees and related expenses.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Judgment is GRANTED IN PART and DENIED IN PART.  Specifically, Plaintiff's Motion for Entry of Judgment is GRANTED as to the funds Defendant is withholding from Plaintiff, GRANTED IN PART and DENIED IN PART as to prejudgment interest on the withheld funds, DENIED as to attorneys' fees and related expenses, and GRANTED as to post-judgment interest. Defendant's Motion for Reconsideration is DENIED AS MOOT, and Plaintiff's Motion for Attorney Fees and Expenses is DENIED.

By no later than **January 23, 2018**, the parties shall submit a Joint Calculation of Judgment to be effective January 31, 2018, including breakdowns for withheld funds and interest owed on withheld funds, computed in accordance with this Order.  If the parties cannot agree on a calculation,[7] Plaintiff shall submit, by no later than **January 23, 2018,** a Proposed Calculation of Judgment to be effective January 31, 2018, and Defendant shall submit, by no later than **January 29, 2018,** a Proposed Calculation of Judgment to be effective January 31, 2018.[8]

**IT IS SO ORDERED**, this 11th day of January, 2018.

      /s/ Jon P. McCalla
JON P. McCALLA
 UNITED STATES DISTRICT COURT JUDGE

---

[7] Computing the amount of prejudgment interest owed should be a simple matter of matching withholding dates to applicable formula rate dates and should not result in disagreement.

[8] These proposed calculations must use the applicable formula rates that were effective when each payment was withheld and must make no arguments for alternative calculations that are contrary to the reasoning in this Order.